IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PATRICIA MOORE, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:05-CV-6 (CDL) |
| V. | * | 28 U.S.C. § 2255 |
| | | RE: CASE NO. 4:90-CR-113 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Petitioner Moore was charged in a seven count Indictment returned in this court in January 1990 with Conspiracy to Possess Cocaine With Intent to Distribute, and Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 I/c/w § 841(a)(1) and 18 U.S.C. § 2. She was tried by jury and convicted on all seven counts on September 10, 1990. On December 10, 1990, Petitioner Moore was sentenced to 292 months imprisonment as to Count I and concurrent sentences of 240 months as to the remaining counts. She appealed her conviction and sentence to the Eleventh Circuit Court of Appeals which affirmed the judgment of the district court on December 4, 1991. Petitioner did not seek certiorari.

On January 6, 1998, Petitioner Moore filed her first Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255, in this court as Case No. 4:98-CV-2 (JRE).  This Motion was denied as time-barred by the AEDPA one-year period of limitation effective in § 2255, on April 24, 1996.  28 U.S.C. § 2255 ¶ 6.  Petitioner Moore sought to appeal this denial, but was denied a Certificate of Appeal by the Eleventh Circuit Court of Appeals on September 29, 1999.  In 2003, Petitioner Moore attempted to collaterally attack her sentence via application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which was denied on May 11, 2003, by the Federal Court for the Northern District of Florida, which found that her "exclusive remedy" was through a § 2255 Motion.  Petitioner Moore made application to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244 for authorization to file a second and successive § 2255 Motion To Vacate, Set Aside, or Correct her Sentence.  The Court of Appeals denied that application on November 4, 2004.

Petitioner Moore now contends that the provisions of 28 U.S.C. § 2255, ¶ 6(3) and the decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (January 12, 2005), work to re-set her expired AEDPA one-year period of limitations clock.  Citing *Dodd v. United States,* — U.S. — , 125 S.Ct. 2478 (2005), Petitioner Moore asserts at paragraph 25 of her memorandum that:

> The one-year limitations period which federal prisoners may file Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255, ¶ 6(3) based on a right newly recognized by the Supreme Court begins to run on the date on which the Supreme Court initially recognized the right asserted, not the date on which it was declared retroactive to cases on collateral review.

2

The prevailing law does not support Petitioner Moore's contention that her AEDPA one-year limitations clock has been reset. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255, in the sixth paragraph thereof, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . .

Petitioner is correct, that for the purposes of a newly recognized right under 28 U.S.C. § 2255 ¶ 6 (3), the one-year statute of limitations begins to run on "the date the Supreme Court *initially* recognized the right." *Dodd v. United States,* — U.S. —, 125 S.Ct. 2478, at 2482 (2005). However, Petitioner Moore, who seeks a second or successive Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255, must be guided by the *Dodd* Court's further ruling, to wit.:

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). . . . Thus, because of the interplay between ¶ ¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constutional law will be barred except in the rare case in which *this Court* announces a new rule of constitutional law and

>     makes it retroactive within one year.  (emphasis added).
>        Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. . . . It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶ ¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second and successive motions.

*Id.,* at 2482, 2483.  Petitioner Moore has not obtained authorization from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255. Therefore, Petitioner's present § 2255 Motion To Vacate, Set Aside, or Correct Sentence, filed under her signature of January 5, 2006, is a second and successive Motion which this court is without jurisdiction to consider.

"The AEDPA provides that , to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

Additionally, neither *Booker, Apprendi,* or *Blakely,* have been made retroactively applicable to cases on collateral review by the Supreme Court to satisfy the requirements of § 2255, ¶ 8(2) as to second or successive motions.  In *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that *Booker* is not to be retroactively applied to cases on collateral review, stating:

4

>Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>>[T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review");*see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §

5

2255 cases on collateral review).

Petitioner Moore also relies on two additional recently-decided cases which involve evidentiary rules, to wit., *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354 (2004) and *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254 (2005).  However, neither of these cases established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and § 2255 ¶ 6(3) or ¶ 8(2), nor have either of them been made retroactive to cases on collateral review.  In *Crawford,* the Court simply reversed the lower court's admission of a testimonial type statement under the Confrontation Clause of the Sixth Amendment where the defendant had not had opportunity to confront the person making the statement.  The *Crawford* Court stated:

> Our case law has been largely consistent with these principles. Our leading early decision, for example, involved a deceased witness's prior trial testimony.  *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337 (1895).  In allowing the statement to be admitted, we relied on the fact that the defendant had had, at the first trial, an adequate opportunity to confront the witness. . . . Our later cases conform to *Mattox's* holding . . . .  Even our recent cases, in their outcomes, hew closely to the traditional line.  *Ohio v. Roberts,* 448 U.S. at 67-70, 100 S.Ct. 2531, admitted testimony from a preliminary hearing at which the defendant had examined the witness; *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, excluded testimonial statements that the defendant had had no opportunity to test by cross-examination.

*Crawford v. Washington,* 541 U.S. at 57-58, 124 S.Ct. at 1367-68.  Most illustrative of the *Crawford* Court's statement of existing law, rather than making a "new rule of constitutional law",  is the Court's statement at page 1369 that, "Our cases have thus remained faithful to the Framers' understanding."

In *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254 (2005), the Supreme Court held that a sentencing court cannot look to police reports in making generic *burglary* decisions under the Armed Career Criminal Act. Demonstrating that they were not stating a new rule of constutional law, the Court ruled:

> In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143 (1990), we held that a court sentencing under the ACCA could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary. The question here is whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary. We hold that it may not, and that a later court determinating the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit finding by the trial judge to which the defendant assented.

*Id.,* at 1229. The *Shepard* Court, like the *Crawford* Court, made clear the fact that it was clarifying existing law and not establishing a "new rule of constitutional law." These cases do not afford support for Petitioner Moore's contention that her expired AEDPA one-year period of limitation should be reset, nor do they afford compliance with the requirements of § 2255 ¶ 8(2) regarding authority to file a second or successive Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255.

In the style of her Motion, Petitioner Moore, references a re-set of her long expired AEDPA one-year period of limitations under § 2255, ¶ 6 (4) which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>     (4) the date on which the facts supporting the claim or claims

7

presented could have been discovered through the exercise of due diligence.

However, Petitioner's only suggestion of due diligence is that she filed her present § 2255 Motion within one-year from the date on which the Supreme Court rendered its decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (January 12, 2005). While Petitioner's present motion was, in fact, filed without authority in this court before the anniversary date of the *Booker* decision, her failure to pursue authorization to file a second or successive motion does not demonstrate due diligence. Otherwise, Petitioner does not suggest how § 22255, ¶ 6(4) is material to her claims.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED as second or successive and without authorization to proceed from the Eleventh Circuit Court of Appeals. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of January 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE